UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EBONY DAVIS-MALCOM,

      Plaintiff,

v.

CARL DOUGLAS MCMILLION,

      Defendant.

Case No. 26-cv-10188

Honorable Robert J. White

---

**ORDER GRANTING PLAINTIFF'S IFP APPLICATION AND
DISMISSING THE COMPLAINT**

---

Before the Court is *pro se* Plaintiff Ebony Davis-Malcom's application to proceed *in forma pauperis*. (ECF No. 2). For the following reasons, the Court will (1) grant the application and allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint for failing state a plausible claim for relief.

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may permit a person to commence a lawsuit without prepaying the filing fee, provided the applicant submits an affidavit demonstrating the inability "to pay such fees or give security therefor." Here, Plaintiff's application has made the required showing of indigence. The Court

therefore grants the application and permits the complaint to be filed without requiring Plaintiff to prepay the filing fee.

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court must dismiss an *in forma pauperis* complaint if it:

(i)   is frivolous or malicious;
(ii)  fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios." *Id.* at 327-28.

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (cleaned up).

Although unartfully pled, Plaintiff essentially asserts claims of promissory estoppel and employment discrimination, alleging that her job offer with Walmart,

2

Inc. was unlawfully rescinded.[1]  According to the complaint, Defendant is Walmart's president and CEO. (ECF No. 1).

To state a claim for employment discrimination under Title VII, a plaintiff must plausibly allege that: "(1) [s]he is a member of a protected class; (2) [s]he suffered an adverse employment action; (3) [s]he was qualified for the position in question; and (4) [s]he was treated differently from similarly situated individuals outside of his protected class." *Smith v. City of Salem*, 378 F.3d 566, 570 (6th Cir. 2004); *see also Lewis v. Dow Chem. Co.*, No. 24-12911, 2025 U.S. Dist. LEXIS 176920, 2025 WL 2618952, at *3 (E.D. Mich. Sept. 10, 2025) ("To state a claim for relief under § 1981,[2] [a plaintiff] must plausibly allege that (1) [s]he belongs to a protected class, (2) [the defendant] intended to discriminate against h[er] based on h[er] race (i.e., discriminatory intent), and (3) [the defendant's] discriminatory conduct abridged h[er] right to contract (as through termination).").  At the pleading stage, a plaintiff "d[oes] not need to prove discriminatory intent, but rather need[s] to allege facts making it plausible that such intent existed." *Inner City Contracting,*

---

[1] Plaintiff complaint cites 15 U.S.C. § 1692, which relates to unfair and abusive debt collection practices, but her allegations and substantive legal claims are completely unrelated to this statute.

[2] "The Court applies the same legal framework to racial discrimination . . . claims under both Title VII and § 1981, although § 1981 requires a showing of but-for causation." *Loggins v. Costco Wholesale Corp.*, No. 23-02749, 2025 U.S. Dist. LEXIS 208954, at *11 (W.D. Tenn. Oct. 23, 2025).

*LLC v. Charter Twp. of Northville*, 87 F.4th 743, 755-56 (6th Cir. 2023); *see also Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012).

Here, even liberally construing the complaint, Plaintiff fails to plausibly allege any claim for discrimination. First, Plaintiff merely alleges that Defendant's failure to provide her a non-discriminatory basis for rescinding the job offer "is a clear indication of discrimination." (ECF No. 1, PageID.3). Further, Plaintiff does not state her membership in any specific protected class, nor does she allege that she was treated differently from similarly situated individuals. Accordingly, Plaintiff's theory of discrimination in this case is purely speculative. Absent any specific facts showing that Defendant treated Plaintiff differently or otherwise rescinded her job offer on the basis of her membership in any protected class, it is equally—if not more—likely that Defendant rescinded Plaintiff's offer for economic or other nondiscriminatory reasons. Her discrimination claim(s) is therefore dismissed.

Next, "promissory estoppel applies where an employer makes representations or promises of continued employment on which an employee relies." *Obergefell v. Firelands Reg'l Med. Ctr.*, No. 25-3212, 2026 U.S. App. LEXIS 2981, at *29 (6th Cir. Jan. 28, 2026) (unpublished; cleaned up). "To succeed on a promissory estoppel claim, a plaintiff must establish (1) a clear and unambiguous promise by her employer; (2) her reliance on the promise; (3) that the reliance was reasonable and foreseeable; and (4) that she was injured because of that reliance." *Id.* (cleaned up).

4

"In other words, the test is whether the employer should have reasonably expected its representation to be relied upon by its employee and, if so, whether the expected action or forbearance actually resulted and was detrimental to the employee." *Id.* at *30 (cleaned up).  "But that does not mean that any promise, praise, or insinuation from an employer results in an enforceable promise.  Rather, to create an exception to the at-will presumption, the plaintiff must demonstrate detrimental reliance on specific promises of job security." *Id.* (cleaned up).

Here, Plaintiff alleges that Defendant's job offer constituted a clear, unambiguous promise, and she attaches an email showing she was offered a specific position at Walmart in October 2024.  Plaintiff also alleges that she ended her previous employment in reliance on the job offer and has since suffered financial losses and other damages as a result of Defendant's conduct.  However, the complaint fails to allege that Defendant or anyone ever specifically promised Plaintiff job *security* as necessary to overcome the presumption of at-will employment.  Where courts presume employment is at-will and Plaintiff makes no allegations that her job offer guaranteed or otherwise promised continued employment, her claim(s) of promissory estoppel must be dismissed.

* * *

For the reasons given, the Court ORDERS that the Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 2) is GRANTED.  The Court accepts the filed complaint and will not require prepayment of the filing fee.

The Court further ORDERS that the complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE for failure to state a claim for relief.

The Court further ORDERS that Plaintiff may not file an appeal *in forma pauperis* because it would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).


Dated: April 27, 2026                           s/Robert J. White
                                                Robert J. White
                                                United States District Judge


6